`IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NIKKO KROHN, #11119-089 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv1026 |
| | § | |
| USP  WARDEN, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Nikko Krohn filed the above-styled and numbered civil rights lawsuit

pursuant to 42 U.S.C. § 1983. On January 23, 2023, the Court sent an Order to Plaintiff (Dkt. #11)

to the new address provided to the Court on January 17, 2023, (Dkt. #10).   In its Order, the Court

gave Plaintiff an additional thirty days in which to comply with the Court's Order from December

22, 2022, (Dkt. #4).  Specifically, he was ordered to complete a standard § 1983 prisoner civil rights

form and either pay the $402.00 filing fee or submit a completed  completed application to proceed

*in forma pauperis*.  As of today's date, the Court is still not in receipt of the standard § 1983 prisoner

civil rights complaint form, the $402.00 filing fee, or an application to proceed *in forma pauperis*.

Plaintiff has failed to comply with the Court's Order;  thus, he has failed to prosecute this case.

Fed. R. Civ. Proc. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound

discretion of the court and appellate review is confined solely in whether the court's discretion was

abused.  *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979);  *Lopez v. Aransas Cnty.*

*Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want

of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever

necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed.

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff failed to comply with the Court's Orders to proceed with the case. His intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## RECOMMENDATION

It is therefore recommended that the complaint be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court,

except upon grounds of plain error, provided that the party has been served with notice that such

consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

 

 

**SIGNED this 13th day of March, 2023.**

 

 

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE